# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STEYR ARMS, INC.,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:17-cv-00712-MHH |
| **SIG SAUER, INC.,** | } |
| Defendant. | } |

## ORDER

In this patent infringement action, the plaintiff, Steyr Arms, Inc., and the defendant, SIG Sauer, Inc., jointly ask the Court to transfer the case to the United States District Court for the District of New Hampshire. (Doc. 25). Because the defendant does not have a regular and established place of business in the Northern District of Alabama, the Court grants the parties' request.

## I.   BACKGROUND

Steyr Arms filed this action on May 3, 2017. On July 28, 2017, SIG Sauer asserted that, under 28 U.S.C. § 1400(b), the Northern District of Alabama was not a proper venue for this patent infringement action, because SIG Sauer did not have "a regular and established place of business" in the district for purposes of the patent venue statute. (Doc. 9, p. 1). SIG Sauer asked the Court to dismiss the case

or transfer it to the District of New Hampshire.  (Doc. 9, p. 1).  Steyr Arms opposed this motion, arguing that "a regular and established place of business" did not require a physical place of business.  (Doc. 21, pp. 5–6).

On September 21, 2017, the United States Court of Appeals for the Federal Circuit held that "a regular and established place of business" requires "a physical place in the district."  *In re Cray Inc.*, No. 2017-129, 2017 WL 4201535, at *4 (Fed. Cir. Sept. 21, 2017).  The Court asked the parties to consider the impact of the *Cray* decision on the venue analysis in this case.  (Doc. 23).

On October 5, 2017, in a joint motion, the parties advised the Court that they "reached an agreement whereby the Plaintiff consents to the transfer of this case to the District of New Hampshire pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), based upon the prior Motion of this Defendant (Doc. 9)."  (Doc. 25).  In addition, "[t]he parties request that the Court order that this Defendant be required to answer within 21 days after the case is docketed by the Court in the District of New Hampshire."  (Doc. 25).

## II.   ANALYSIS

The governing venue statute, 28 U.S.C. § 1400(b), "is unique to patent law, and 'constitute[s] "the exclusive provision controlling venue in patent infringement proceedings". . . .'"  *In re Cray*, 2017 WL 4201535, at *4 (quoting *TC Heartland*

*LLC v. Kraft Foods Grp. Brands LLC*, __ U.S. __, 137 S. Ct. 1514, 1518 (2017)). Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of § 1400(b), a "regular and established place of business" requires three elements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 2017 WL 4201535, at *4. The parties agree that SIG Sauer does not have a "physical place" in the Northern District of Alabama. (Doc. 9, p. 1–2; Doc. 21, pp. 5–6).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court chooses transfer. SIG Sauer acknowledges that venue is proper in either (1) the District of Delaware, where SIG Sauer is incorporated, or (2) the District of New Hampshire, which is "the location of SIG Sauer's headquarters since 1990 and the District containing key facilities, evidence, and witnesses that are relevant to this case." (Doc. 9, p. 10). Steyr Arms consents to transfer to the District of New Hampshire. (Doc. 25, p. 1).

3

Thus, in the interest of justice, the Court will transfer this action to the District of New Hampshire.

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), a defendant's motion to dismiss a complaint extends the defendant's time to file a responsive pleading. Fed. R. Civ. P. 12(a)(4)(A). "Unless the court sets a different time, . . . if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." *Id.* In this case, Rule 12(a)(4)(A) dictates that SIG Sauer's response is due 14 days from the entry of this order. *Id.* Should SIG Sauer desire additional time to file to answer to the complaint, SIG Sauer must file a motion for additional time in the District Court for the District of New Hampshire. The Court declines the parties' invitation to "order that this Defendant be required to answer within 21 days after the case is docketed by the Court in the District of New Hampshire." (Doc. 25, p. 1).

### III. CONCLUSION

The Court **GRANTS** the parties' joint motion to transfer this action to the District of New Hampshire (Doc. 25). The Court **DENIES AS MOOT** the defendant's motion to dismiss or transfer (Doc. 9). The Court **CANCELS** the hearing set for 11:00 AM on October 16, 2017. The Court **DIRECTS** the Clerk to

please transfer this case to the United States District Court for the District of New Hampshire.

**DONE** and **ORDERED** this October 11, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE