UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEYR ARMS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>SIG SAUER, INC.,<br><br>        Defendants. | Civil Action No. 1:17-cv-00483-JD |

## SIG SAUER, INC.'S ANSWER AND
## DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, SIG Sauer, Inc. ("SIG Sauer"), hereby responds to the Complaint filed by Plaintiff Steyr Arms, Inc. ("Steyr"), and states as follows:

### THE PARTIES

1. SIG Sauer is without knowledge or information sufficient to form a belief as to the truth of Steyr's allegations and therefore denies the allegations in Paragraph 1 of the Complaint. (Future references to a "Paragraph" refer to a paragraph of the Complaint).

2. SIG Sauer admits the factual allegations in Paragraph 2.

### JURISDICTION AND VENUE

3. SIG Sauer admits that Steyr purports to bring an action for patent infringement arising under the laws of the United States, but otherwise denies the remaining allegations in Paragraph 3.

4. SIG Sauer admits the factual allegations in Paragraph 4, but does not, and is not required to, provide a response to any legal conclusions in Paragraph 4.

5. SIG Sauer denies the factual allegations in Paragraph 5, further answering, SIG Sauer states that the United States District Court for the District of New Hampshire has personal

jurisdiction over SIG Sauer, and does not, and is not required to, provide a response to any legal conclusions in Paragraph 5.

6.   SIG Sauer states that the United States District Court for the District of New Hampshire is a proper venue for Steyr's claim of patent infringement, and does not, and is not required to, provide a response to any legal conclusions in Paragraph 6.

**PATENT INFRINGEMENT**

7.   SIG Sauer admits that Steyr has purported to attach a copy of U.S. Patent No. 6,260,301 ("the '301 patent") to the Complaint, but SIG Sauer is without knowledge or information sufficient to form a belief as to the truth of Steyr's remaining allegations and therefore denies the remaining allegations in Paragraph 7.

8.   SIG Sauer admits that the '301 patent attached to the Complaint lists a "date of patent" of July 17, 2001. SIG Sauer is without knowledge or information sufficient to form a belief as to the truth of Steyr's remaining allegations and therefore denies the remaining allegations in Paragraph 8.

9.   SIG Sauer states that the '301 patent speaks for itself. SIG Sauer is without knowledge or information sufficient to form a belief as to the truth of Steyr's allegations and therefore denies the allegations in Paragraph 9.

10.   SIG Sauer states that the '301 patent speaks for itself and admits that the patent attached to the Complaint has one claim, which Steyr purports to have reproduced accurately in Paragraph 10. SIG Sauer is without knowledge or information sufficient to form a belief as to the truth of Steyr's allegations and therefore denies the allegations in Paragraph 10.

11. SIG Sauer admits that Steyr has accused the "P250" and "P320" pistols of infringing the '301 patent and that Steyr purports to have attached certain pages from related owners' manuals to the Complaint. SIG Sauer otherwise denies the allegations in Paragraph 11.

12. SIG Sauer denies the allegations in Paragraph 12.

13. SIG Sauer denies the allegations in Paragraph 13.

14. SIG Sauer denies the allegations in Paragraph 14.

15. SIG Sauer denies the allegations in Paragraph 15.

16. SIG Sauer denies the allegations in Paragraph 16.

17. SIG Sauer denies the allegations in Paragraph 17.

18. SIG Sauer denies the allegations in Paragraph 18.

## PRAYER FOR RELIEF

Steyr's Prayer for Relief sets forth requests for relief to which no response is required. If a response is deemed necessary, SIG Sauer denies that Steyr is entitled to any of the requested relief.

## JURY DEMAND

Steyr's request for a jury trial does not include any factual allegations to which a response is required by SIG Sauer. In addition, SIG Sauer demands a trial by jury on all issues so triable.

## SIG SAUER'S AFFIRMATIVE AND OTHER DEFENSES

SIG Sauer asserts the following defenses to the Complaint and specifically reserves the right to raise additional defenses as they become known through further investigation and discovery. Nothing herein shall be construed as an admission or acknowledgment that SIG Sauer bears the burden of proof as to any of the following defenses.

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
## (NON-INFRINGEMENT)

SIG Sauer does not infringe, and has not infringed, the '301 patent, including any claims for direct infringement and enhanced damages based on purported willful infringement.

## THIRD DEFENSE
## (INVALIDITY / UNENFORCABILITY)

The single claim of the '301 patent is invalid and/or unenforceable, or both, for failure to comply with one or more of the requirements of patentability specified in 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE
## (LACHES)

Steyr's claims are barred or otherwise limited under the doctrine of laches.

## FIFTH DEFENSE
## (STATUTE OF LIMITATIONS)

Any claim by Steyr for damages is limited under 35 U.S.C. § 286, and/or other applicable statutes of limitation.

## SIXTH DEFENSE
## (EQUITABLE ESTOPPEL)

Steyr's claims are barred in whole or in part under the doctrine of equitable estoppel.

## SEVENTH DEFENSE
## (UNCLEAN HANDS)

Steyr's claims are barred in whole or in part under the doctrine of unclean hands.

## EIGHTH DEFENSE
## (FAILURE TO MARK OR OTHERWISE PROVIDE NOTICE)

Any claim by Steyr for damages is limited under 35 U.S.C. § 287.

### NINTH DEFENSE
### (LACK OF STANDING)

Steyr lacks standing to bring the claims in the Complaint.

### TENTH DEFENSE
### (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

Steyr is not entitled to injunctive relief because any injury to Steyr is not immediate or irreparable, Steyr would have an adequate remedy at law, and the balance of hardships and the public interest do not favor injunctive relief.  Further, Steyr has failed to plead the requisite elements for such relief.

### ELEVENTH DEFENSE
### (NOT AN EXCEPTIONAL CASE)

Steyr cannot prove that this is an exceptional case justifying an award of attorneys' fees under 35 U.S.C. § 285.

### TWELFTH DEFENSE
### (NOT AN EGREGIOUS CASE)

Steyr cannot prove that this is an egregious case justifying an award of enhanced damages under 35 U.S.C. § 284.

### THIRTEENTH DEFENSE
### (GOVERNMENT SALES)

Steyr is barred by 28 U.S.C. § 1498 from asserting patent infringement claims against SIG Sauer relating to the use or manufacture of goods for the United States.

### FOURTEENTH DEFENSE
### (WAIVER)

Steyr's claims are barred by waiver.

### FIFTEENTH DEFENSE
### (PATENT MISUSE)

The claims of the '301 patent are unenforceable based upon Steyr's patent misuse.

**SIXTEENTH DEFENSE**
**(LICENSE)**

SIG Sauer's activity is permitted by an express or implied license.

**RESERVATION OF RIGHTS**

SIG Sauer reserves the right to raise additional defenses as they become known through further investigation and discovery.

**SIG SAUER'S PRAYERS FOR RELIEF**

WHEREFORE, SIG Sauer denies that Steyr is entitled to any of the relief demanded in Paragraphs (A) – (G) of the Prayers for Relief section in the Complaint and SIG Sauer requests that the Court enter judgment:

(a) Finding, declaring, and adjudging in favor of SIG Sauer, and against Steyr, and dismissing with prejudice all claims of Steyr against SIG Sauer;

(b) Finding, declaring and adjudging that the '301 patent is invalid, and that SIG Sauer has not infringed any valid claim of the '301 patent;

(c) Finding, declaring and adjudging this to be an exceptional case under 35 U.S.C. § 285, and awarding to SIG Sauer its costs, disbursements, and reasonable attorneys' fees incurred in this action; and

(d) Granting such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 26th day of October, 2017.

                **SIG SAUER, INC.,**

                By its attorney,

                */s/ Laura L. Carroll*
                Laura L. Carroll (NH Bar #17444)
                BURNS & LEVINSON LLP
                125 Summer Street
                Boston, MA 02110
                Tel:  (617) 345-3000
                Fax: (617) 345-3299
                lcarroll@burnslev.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served *SIG SAUER, INC.S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* on all counsel of record by email and by U.S. mail, postpaid, pursuant to Fed. R. Civ. P. 5(b), as follows:

| | |
|---|---|
| Cole Robinson Gresham, Esq. | Glenn T. Henneberger, Esq. |
| Jay M. Ezelle, Esq. | Hoffmann & Baron, LLP |
| Starnes Davis Florie LLP | 6900 Jericho Turnpike |
| 100 Brookwood Place, 7th Floor | Syosset, New York 11791-4407 |
| Birmingham, Alabama 35029 | gthdocket@hbiplaw.com |
| cgresham@starneslaw.com | |
| jezelle@starneslaw.com | |

Dated:  October 26, 2017        */s/ Laura L. Carroll*
                                  Laura L. Carroll