UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| STEYR ARMS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:17-cv-00483-JD |
| v. | : | |
| | : | |
| SIG SAUER, INC. | : | |
| | : | |
| Defendant. | : | |

DISCOVERY PLAN
FED. R. CIV. P. 26(f) AND SPR 3.1

I.  DATE/PLACE OF CONFERENCE

In response to this Court's October 30, 2017 Order (Dkt. # 32), counsel of record for plaintiff Steyr Arms, Inc. ("Steyr"), and defendant SIG Sauer, Inc. ("SIG Sauer"), met and conferred via email and telephone during the time period November 6, 2017 – November 13, 2017, concerning the requirements of Fed. R. Civ. P. 26(f), and Rules 3.1(a) and 3.1(b) of this Court's Supplemental Rules for Patent Cases ("SPR").

II.  COUNSEL PRESENT/REPRESENTING

Representing Steyr:  Glenn T. Henneberger and Michael J. Persson

Representing SIG Sauer:  Laura L. Carroll and Eric G. J. Kaviar

### III. CASE SUMMARY

#### A. THEORY OF LIABILITY

In this action, Steyr alleges that SIG Sauer infringes sole Claim 1 of United States Patent No. 6,260,301, entitled "Pistol, Whose Housing Is Composed Of Plastic" ("the `301 Patent"). Steyr asserts that it is the owner of all right, title and interest in and to the `301 Patent. Steyr has alleged that the SIG P250 and P320 Pistols ("the Accused Products") infringe Claim 1 of the `301 Patent.

#### B. THEORY OF DEFENSE

As set forth in SIG Sauer's Answer (Dkt. # 31), SIG Sauer denies that the Accused Products infringe the `301 Patent, denies that the `301 Patent is valid or enforceable, and asserts other equitable and legal defenses.

#### C. DAMAGES

Steyr claims it is entitled to damages adequate to compensate it for SIG Sauer's alleged infringement. In accordance with the patent laws, Steyr claims that it is entitled to at least a reasonable royalty. Steyr further asserts that SIG Sauer's infringement was willful, entitling Steyr to treble damages, and also claims that it is entitled to interest, costs, and attorneys' fees.

As set forth in SIG Sauer's Answer, SIG Sauer denies that Steyr is entitled to any damages and, pursuant to 35 U.S.C. § 285, SIG Sauer also seeks its costs and fees in this action, including reasonable attorneys' fees, and such other additional relief as the Court deems just and proper.

#### D. DEMAND AND OFFER

The Parties have engaged in preliminary settlement discussions, but no agreement has been reached.

### E. JURISDICTIONAL QUESTIONS

Steyr has sued SIG Sauer for patent infringement pursuant to 35 U.S.C. § 101, *et seq*. The Parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. SIG Sauer does not contest personal jurisdiction by this Court in this case, and the Parties agree that venue is proper in this Court.

### F. QUESTIONS OF LAW

The Parties anticipate the following questions of law will be presented in this litigation:

1. The construction of terms in asserted Claim 1 of the `301 Patent.
2. Willfulness of any infringement found by the Court.
3. Certain forms of alleged invalidity of the `301 Patent.

### G. TYPE OF TRIAL

The Parties seek a trial by jury.

## IV. DISCOVERY

### A. TRACK ASSIGNMENT

The Parties believe this case should be assigned to a complex discovery track - approximately 24 months, per the schedule set forth below.

### B. DISCOVERY NEEDED (Fed. R. Civ. P. 26(f)(3)(B))

The Parties propose a sequencing of discovery, beginning with discovery on issues related to claim construction.

Steyr anticipates taking discovery on the issues of infringement, damages and willfulness, as well as issues related to SIG Sauer's affirmative defenses.

SIG Sauer anticipates taking discovery on the issues of infringement, invalidity, unenforceability, damages, and any other topics relevant to the claims and defenses raised by the Parties.

### C. MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1) & 26(f)(3)(A))

The Parties have agreed to exchange Rule 26(a)(1) disclosures by December 1, 2017.

### D. ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)(3)(C)

Pursuant to SPR 3.1(b), the Parties have reached agreement on the scope of electronic discovery and the format of document production. Each Party may designate no more than five (5) individuals from each other Party from whom they seek electronic discovery. The Parties will confer concerning a reasonable number of search terms per individual which will be used to search electronic data related to that individual.

### E. STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)(3)(D))

**Privilege Logs:** The Parties agree that responsive documents created after the filing of the original lawsuit in the U.S.D.C. (N.D. Alabama, Southern Division) on May 3, 2017, which are exempt from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, do not have to be included in a party's privilege log, absent good cause.

### F. COMPLETION OF DISCOVERY (Fed. R. Civ. P. 26(f)(3)(B))

The deadlines for fact and expert discovery are set forth in the schedule below.

**G.     LIMITATIONS ON DISCOVERY (Fed. R. Civ. P. 26(f)(3)(E))**

   **1.     Interrogatories**

A maximum of twenty five (25) interrogatories by each Party to any other Party may be served, without leave of court.  Responses to interrogatories will be due 30 days after service, unless otherwise agreed to pursuant to Fed. R. Civ. P. 29 or ordered pursuant to Fed. R. Civ. P. 6(b)(1).

   **2.     Requests for Admission**

A maximum of twenty five (25) requests for admission by each Party to any other Party may be served, without leave of court.  Responses to requests for admission will be due 30 days after service, unless otherwise agreed to pursuant to Fed. R. Civ. P. 29 or ordered pursuant to Fed. R. Civ. P. 6(b)(1).  Each Party may propound an additional fifty (50) requests for admission seeking to authenticate a document, establish that a document satisfies Federal Rule of Evidence 803(6) (records of a regularly conducted activity), or establish that a document satisfies Federal Rule of Evidence 803(8) (public records).

   **3.     Depositions**

The Parties agree to the following limits on depositions:

a.     Absent a showing of good cause and upon agreement of the Court, each Party is limited to a maximum of seven (7) fact depositions, totaling no more than 49 hours of fact witness deposition testimony in the aggregate. Deposition testimony in response to a Rule 30(b)(6) deposition notice shall be limited to 14 hours per side, which shall count toward the maximum total of 49 hours of fact witness deposition testimony.  This 14-hour limit applies regardless

of how many witnesses a party designates in response to a Rule 30(b)(6) notice.

AND

b. In no event shall any deposition of a single witness exceed 7 hours on the record, with the exception that expert witnesses may be deposed for 7 hours per report provided. To the extent a single expert report addresses more than one topic (where topic is broadly defined as meaning, for example, infringement or invalidity), the report will be treated as separate reports for each topic addressed for the purpose of allocating time for the deposition.

### 4. Dates of Disclosure of Experts and Expert's Written Reports and Supplementations

a. Expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) or (C) by the Party with the burden of proof shall be served 45 days after service of final invalidity contentions.

b. Rebuttal expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) or (C) shall be served 45 days after service of the opening expert disclosures.

### 5. Challenges to Expert Testimony

Any challenge to expert testimony shall be submitted 30 days after the close of expert discovery.

## V. OTHER ITEMS (Fed. R. Civ. P. 26(f)(3)(F) and SPR 3.1(a))

**A. Deadline for Disclosure of Claims against Unnamed Parties:**

December 15, 2017

**B. Deadline for Joinder of Additional Parties and Filing of Third Party Actions:**

January 26, 2018

    **C.**    **Deadline for Amendment of Pleadings:**

March 31, 2018

    **D.**    **Deadline for Filing Motions for Summary Judgment**

No later than thirty (30) days after completion of expert discovery, but no less than 120 days prior to trial.

    **E.**    **Settlement Possibilities**

The Parties have engaged in preliminary settlement discussions. The likelihood of settlement cannot be evaluated at this time.

    **F.**    **Joint Statement Regarding Mediation**

The Parties believe that a court-sponsored or private mediation session could facilitate settlement of the litigation if the litigation is not otherwise resolved.  It is Steyr's position that early mediation may resolve the matter.  Thus, Steyr proposes conducting a mediation shortly after invalidity contentions are served.

In SIG Sauer's experience, mediation is more likely to succeed when the Parties have the benefit of the Court's claim construction order.  Therefore, SIG Sauer proposes that mediation be completed within thirty (30) days of the Court's issuance of its claim construction order.

    **G.**    **Trial Estimate**

The Parties believe that a trial between them would require no more than seven (7) days.

    **H.**    **Trial Date**

Due the complexity of a patent case, the Parties believe that a jury trial could start during the two-week trial period beginning September 4, 2019.  This proposed trial date is

within the standard two-year period for patent cases, recognizing that there was no substantive activity in this case prior to its transfer to this Court on October 12, 2017.

### I. Preliminary Pretrial Conference

Lead counsel for Steyr has a conflict with the preliminary pretrial conference scheduled by this Court for November 21, 2017, at 10:00 A.M. By assented to motion, Steyr has requested that the conference be moved to November 29, 2017 or such other time convenient for the Court.

### J. Other Matters

The Parties request that the Court issue a Protective Order in the form accompanying this Discovery Plan.

## VI. **SCHEDULE**

The Parties agree to, and propose, the schedule set forth below, which includes the events required by the SPR.

| Event Description | Proposed Schedule |
|---|---|
| Discovery Plan due - requirements are discussed in SPR 3.1(a) | 11/14/17 |
| SPR 3.1(b) Protective Order submitted with the Discovery Plan | 11/14/17 |
| Patent Case Scheduling Conference (SPR 3.1(a)) | Requested by assented to motion to be on 11/29/17, if necessary. |
| Initial disclosures pursuant to Rule 26(a)(1) | 12/1/17 |
| SPR 5.1(a) & (b) - Preliminary Infringement Contentions and accompanying documents | 12/15/17 |
| Parties may commence Claim Construction Discovery | 12/15/17 |
| Disclosure of Claims Against Unnamed Parties | 12/15/17 |
| SPR 5.1(c) & (d) - Preliminary Invalidity Contentions and accompanying documents | 1/26/18 |
| Joinder of Additional Parties and Third Party Actions | 1/26/18 |
| SPR 6.1(a) - Exchange of Proposed Terms for Construction | 2/9/18 |
| SPR 6.1(b)(1) - Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 2/23/18 |
| SPR 6.1(b)(2) - Identification of References in the specification or prosecution history that supports any proposed construction and the designation of any supporting extrinsic evidence | 2/23/18 |
| SPR 6.1(b)(3) - Meet and Confer for the purposes of limiting the claim terms in dispute | 3/9/18 |
| SPR 6.1(c) - Joint Claim Construction and Prehearing Statement | 3/23/18 |
| SPR 6.1(d) - Completion of Claim Construction Discovery | 4/13/18 |
| Commencement of Non Claim Construction Discovery | 4/13/18 |
| Deadline for Amendment of Pleadings | 3/31/18 |

| Event Description | Proposed Schedule |
|---|---|
| SPR 6.1(e)(1) - Opening Claim Construction Briefs | 5/4/18 |
| SPR 6.1(e)(2) - Responsive Claim Construction Briefs | 5/18/18 |
| SPR 6.1(f) - Claim Construction Hearing to occur "[n]ot later than sixty (60) days after service of responsive briefs, and subject to the convenience of the court's calendar ... if the court believes a hearing is necessary." | Estimated to occur on or before 7/17/18 |
| SPR 7.1(a)(1) - Final Infringement Contentions are due 21 days after service of the Court's claim construction order | 21 days after Court issues its claim construction order |
| SPR 7.1(a)(2) – Motions to exclude additional accused products, if any | 14 days after Final Infringement Contentions |
| SPR 7.1(b)(1) - Final Invalidity Contentions are due 21 days after service of the Final Infringement Contentions | 21 days after Final Infringement Contentions |
| SPR 7.1(b)(2) – Motions to exclude additional prior art, if any | 14 days after Final Invalidity Contentions |
| Mediation to be completed | Steyr's proposal:  3/2/18; SIG Sauer's proposal:  within 30 days of Court's claim construction order |
| Close of Fact Discovery | 30 days after service of Final Invalidity Contentions |
| SPR 8.1(a)(1) - Non Claim Construction Opening Expert Disclosures are due 45 days after service of the Final Invalidity Contentions | 45 days after service of Final Invalidity Contentions |
| SPR 8.1(a)(2) - Non Claim Construction Rebuttal Expert Disclosures are due 45 days after service of opening expert reports | 45 days after service of Opening Expert Reports |
| SPR 8.1(b) - Completion of Expert Depositions and Close of Expert Discovery will occur no later than 45 days after service of the rebuttal expert reports | 45 days after service of Rebuttal Expert Reports |
| Challenges to expert testimony | 30 days after close of expert discovery |

| Event Description | Proposed Schedule |
|---|---|
| Motions for Summary Judgment | No later than 30 days after deadline for completion of expert discovery, but no less than 120 days prior to trial |
| LR 7.1(b) Objection to Motion for Summary Judgment | 30 days after MSJ is served |
| LR 7.1(e)(1) - Reply to Objection to Motion for Summary Judgment | 14 days after objection to MSJ is served |
| LR 16.2 - Final Pre-Trial Statements | 30 days before trial |
| SPR 16.3 - Final Pretrial Conference | 10 days prior to trial |
| Expected Length of Trial | 7 days |
| Trial | Two-week trial period beginning 9/4/19 |

Respectfully submitted this 14th day of November, 2017

/s/ Michael J. Persson
Michael J. Persson (NH #12139)
Lawson Persson & Chisholm, PC
Post Office Box 712
Laconia, NH 03247-0712
Telephone:  603.528.0023
E-Mail:  mike@laconialaw.com

and

Glenn T. Henneberger (*pro hac vice* application pending)
Hoffmann & Baron, LLP
6900 Jericho Turnpike
Syosset, NY  11791
Telephone:  516.822.3550
Facsimile:  516.822.3582
E-Mail:  gthdocket@hbiplaw.com

Attorneys for Plaintiff Steyr Arms, Inc.

/s/ Laura L. Carroll
Laura L. Carroll (NH Bar #17444)
Eric G. J. Kaviar (*pro hac vice* application pending)
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Telephone:  617.345.3000
Facsimile:  617.345.3299
E-Mail:  lcarroll@burnslev.com
            ekaviar@burnslev.com

Attorneys for Defendant SIG Sauer, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November, 2017, I electronically filed the foregoing DISCOVERY PLAN with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

/s/ Michael J. Persson
Michael J. Persson
