UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Steyr Arms, Inc.

    v.                                    Civil No. 17-cv-483-JD
                                          Opinion No. 2020 DNH 068
SIG Sauer


O R D E R

Steyr Arms, Inc. brought suit, alleging that Sig Sauer,
Inc. is infringing U.S. Patent No. 6,260,301 ("'301 Patent"),
which Steyr owns.  The court granted SIG Sauer's motion for
summary judgment of noninfringement, and judgment was entered
dismissing the case.  SIG Sauer now moves for an award of
attorneys' fees and costs that SIG Sauer incurred following the
court's claim construction order issued on December 19, 2018.
Steyr objects to an award of fees and costs.


Background

The '301 Patent has a single claim, Claim 1.  The parties
identified five disputed limitations in Claim 1, which the court
addressed in the claim construction order.  The disputed
limitations were construed as follows:

1.  "Multifunction metal part"
    **A single, one-piece metal frame that serves
    multiple functions.**

2.   "Means for supporting the trigger mechanism"
      **Function:  To support the trigger mechanism and to connect it to the multifunction metal part.**
      **Structure:  Pins and corresponding holes in the multifunction metal part, and equivalents thereof.**

3. "A transverse hole which receives a shaft for connecting the housing and the multifunction metal part together"
      **Transverse holes in the housing and in the multifunction metal part that are aligned to receive a shaft, which is not limited in shape, type, or kind, to connect the housing and the multifunction part together.**

4. "A rear wall which is provided with a recess for receiving a projection" is sufficiently clear that it does not require construction.

5. "Control means for locking said barrel in the barrel slide."
      **The function is to lock or contribute to lock the barrel in the barrel slide.**
      **The corresponding structure is a bridge that is an integral, inseparable part of the one-piece multifunction metal part and extends from the right-hand to the left-hand sides of the multifunction metal part, and equivalents thereof.**

Following claim construction, both parties moved for summary judgment on the issue of infringement.[1]  Steyr accused SIG Sauer's pistols, P250 and P320, of infringing Claim 1 of the '301 patent.  For purposes of summary judgment, SIG Sauer argued that Steyr could not prove its claims that SIG Sauer's pistols met the limitation in Claim 1 for a "multifunction metal part"

---

[1] They also sought summary judgment on issues of patent invalidity.  Because of the ruling of nonfringement, the other motions were terminated as moot.

or met or equaled the means-plus-function limitation for a
"control means for locking said barrel in the barrel slide."
The court concluded that the pistols did not infringe Claim 1.

## Discussion

SIG Sauer seeks an award of its attorneys' fees and costs,
which accrued after the claim construction order issued, under
35 U.S.C. § 285, 28 U.S.C. § 1927, and the court's inherent
authority to award fees as a sanction.  Steyr objects, arguing
that SIG Sauer has not met the requirements for an award under
§ 285 and stating that SIG Sauer did not show that its conduct
was vexatious for purposes of an award under § 1927.  SIG Sauer
filed a reply, and Steyr filed a surreply.

## A.  Fees under § 285

"Under § 285, a court may award reasonable attorney's fees
to the prevailing party in an exceptional patent infringement
case." O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC, ---
F.3d ---, 2020 WL 1845302, at *2 (Fed. Cir. Apr. 13, 2020).
"[A]n 'exceptional' case is simply one that stands out from
others with respect to the substantive strength of a party's
litigating position (considering both the governing law and the
facts of the case) or the unreasonable manner in which the case

was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014).  In order to award fees, a district court must find that "the case was overall exceptional." Intellectual Ventures I LLC v. Trend Micro Inc., 944 F.3d 1380, 1384 (Fed. Cir. 2019).

A determination of whether a case is exceptional is made by district courts "in the case-by-case exercise of their discretion, considering the totality of the circumstances." Octane, 572 U.S. at 554.  The Supreme Court suggested that district courts could consider a nonexclusive list of factors applied under a similar provision in the Copyright Act.  Id. Those factors include "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  Id. at n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, n.19 (1994)).

SIG Sauer argues that once the court issued the claim construction order Steyr no longer had a reasonable basis to pursue its infringement claim.  Specifically, SIG Sauer contends that Steyr could not show that the accused pistols had a single, one-piece metal frame or that the pistols' removable pin was equivalent to a bridge that is an inseparable part of the metal

4

frame.  SIG Sauer cites cases that have awarded fees under § 285 after a claim construction order undermined the plaintiff's infringement claims.

In response, Steyr first argues that its position on claim construction was not frivolous.  Claim construction, however, is not at issue, because SIG Sauer is seeking fees that accrued after the claim construction order.

Steyr justifies its continued litigation of infringement, after the claim construction order, focusing on the fifth limitation, "control means for locking said barrel in the barrel slide."  Steyr contends that it reasonably argued that the accused pistol's slide catch lever pin was the statutory literal equivalent of a once-piece metal frame that included a bridge.[2] In granting SIG Sauer's motion for summary judgment of non-infringement, the court held that removable and inseparable structures are substantially different.  Because the control

---

[2] As it did in the context of summary judgment, Steyr argues that the court acknowledged the merit of its equivalence argument in a footnote in the claim construction order.  In the summary judgment order, the court explained Steyr's mistake. Steyr is still wrong.  In the claim construction order, the court declined to consider several arguments raised by SIG Sauer that addressed the doctrine of equivalents.  With respect to the footnote Steyr relies on, the court simply stated that the limitation SIG Sauer urged was beyond the scope of claim construction.  The court did not, as Steyr argues, make any finding of equivalence or that an equivalence argument had merit.

means, the bridge, had to be an integral and inseparable part of the multifunction metal part, a removable pin was not its literal equivalent.

Neither an incorrect interpretation of claim construction nor a weak theory of infringement following claim construction establishes an exceptional case, however.  Spineology, Inc. v. Wright Med. Tech., 910 F.3d 1227, 1229 (Fed. Cir. 2018); Synchronoss Techs., Inc. v. Dropbox Inc., 2020 WL 759528, at *2-*4 (N.D. Cal. Feb. 14, 2020); Quest Licensing Corp. v. Bloomberg L.P., 2019 WL 1376035, at *2-*4 (D. Del. Mar. 27, 2019).  Instead, to make a case exceptional, an adverse claim construction must have rendered the infringement claim baseless.  Taurus IP, LLC v. DaimlerChrysler Corp., 726 F.3d 1306, 1328 (Fed. Cir. 2013).  In other words, the fact that the plaintiff lost on its patent infringement claim does not make the case exceptional.[3]  Synchronoss, 2020 WL 759528, at *4.

---

[3] SIG Sauer cites cases, without discussion, to support an award of fees in this case, stating only that they are substantially similar to this case.  In the cited cases, the Federal Circuit affirmed awards of fees, concluding that the district courts did not abuse their discretion in the circumstances of those cases.  Blackbird Tech LLC v. Health in Motion, LLC, 944 F.3d 910, 914-15 (Fed. Cir. 2019) (where plaintiff's proposed claim construction and infringement claims were frivolous, plaintiff should have known its position was weak, and plaintiff made efforts to settle for nuisance value, engaged in discovery abuses, and protracted the litigation needlessly); Thermolife Int'l LLC v. GNC Corp., 922 F.3d 1347, 1356 (Fed. Cir. 2019) (where plaintiff did not make adequate

SIG Sauer contends that this case fits into a well-recognized example of an exceptional case where fees are awarded under § 285.[4]  In support, SIG Sauer cites Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc., 946 F.3d 1367, 1374-75 (Fed. Cir. 2020), where the court affirmed the decision awarding fees based on the district court's finding that it was "patently obvious" that Eko's accused products did not infringe the asserted patent claims.  Although Steyr's direct infringement claim was preluded by the claim construction order, Steyr made a statutory literal equivalence argument.[5]  While that argument was

pre-suit investigation into infringement and did not make developed argument against fee award); ICON Health & Fitness, Inc. v. Octane Fitness, LLC, 706 F. App'x 666, 668-69 (Fed. Cir. 2017) (where the plaintiff's claim construction arguments lacked merit and that the plaintiff had engaged in improper litigation tactics); Lumen View Tech. LLC v. Findthebest.com, Inc., 811 F.3d 479, 483 (Fed. Cir. 2016) (where the lawsuit appeared to have been baseless and claim construction was unnecessary to find noninfringement in light of the plaintiff's concession). These cases involve many circumstances that SIG Sauer has not shown exist in this case.

[4] In addition to the two cases cited in the body of its memorandum and discussed above, SIG Sauer provided a footnote with another string cite of cases that SIG Sauer represents are "substantially similar."  A careful review of the cited cases, however, shows that the circumstances that supported an award of fees did not occur in this case.  To the extent SIG Sauer interpreted the cases differently, it should have explained the cases' relevance instead of providing merely a string cite.

[5] In the claim construction for the fifth limitation, "control means for locking said barrel in the barrel slide," the court included "and equivalents thereof," which is part of 35 U.S.C. § 112(6).

not persuasive, the court cannot conclude that it was frivolous or obviously baseless.

In AdjustaCam, LLC v Newegg, Inc., 861 F.3d 1353, 1359 (Fed. Cir. 2017), the Federal Circuit reversed the district court's denial of a motion for fees under § 285 on the grounds that the district court did not follow its mandate on remand and that the decision was based on a clearly erroneous assessment of the evidence.  Specifically, the Federal Circuit faulted the district court for not applying the Octane standard, as directed on remand, and for failing to find that the plaintiff's infringement claims were baseless following claim construction. Notably, in its decision, the district court supported the plaintiff's infringement claims with a new argument not offered by the plaintiff.  Id. at 1360-61.  The Federal Circuit further found that the plaintiff litigated the case in an unreasonable manner by its "repeated use of after-the-fact declarations" and because it sought only nuisance value damages.  Id. at 1361. SIG Sauer has not shown that those circumstances pertain in this case.

To move this case beyond the range of most patent infringement cases, SIG Sauer addresses Steyr's litigation tactics.  SIG Sauer contends that Steyr had notice of the specific facts and law that would preclude its infringement

8

claims by May 2, 2019, when SIG Sauer sent a letter with that information.  SIG Sauer further contends that Steyr's failure to withdraw its infringement claims at that time constitutes willful ignorance of their lack of merit.

Steyr responds that it relied in good faith on its theory of statutory literal equivalence, which was supported by its expert's opinion.  Steyr contends that SIG Sauer did not address that theory in its letter.  Steyr continues to argue the merits of its theory to show that it was not frivolous or baseless.

SIG Sauer also surmises that Steyr continued the litigation, despite the claim construction order, because it hoped to force SIG Sauer into an expensive settlement to avoid further litigation costs.[6]  SIG Sauer, however, provides no evidence, other than its opinion of the lack of merit in Steyr's case, to show Steyr continued to litigate based on improper motives.  Steyr denies that accusation.

In sum, the claim construction order may have foretold but did not necessarily preordain the result on Steyr's infringement claim.  Further, the record does not support a conclusion that

---

[6] Steyr's counter-argument that SIG Sauer's position is not supported by its actions because it did not move for summary judgment immediately after the claim construction order is not persuasive under the circumstances in this case.  Further, SIG Sauer's reliance on Steyr's decision not to appeal is misplaced. As Steyr points out, financial considerations may drive a decision not to appeal.

Steyr's litigation tactics were unreasonable.  This is not a case where the patent holder brought suit seeking only nuisance value damages,[7] or where the patent holder improperly delayed an inevitable result.  SIG Sauer has not shown that this is an exceptional case rather than the usual patent infringement case where one party wins and the other party loses, and sometimes the party asserting infringement is the losing party.

B.  Award under 28 U.S.C. § 1927 or the Court's Inherent Authority

     As alternatives to § 285, SIG Sauer seeks fees and costs under § 1927 and the court's inherent authority to manage its cases.[8]  Section 1927 provides:  "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  Both § 1927 and the court's inherent authority are governed by the law of

_____

     [7] SIG Sauer represents that Steyr was seeking more than $33,000,000.00 in damages.

     [8] Steyr contends that SIG Sauer did not adequately raise these grounds for an award.  Although addressed in a somewhat cursory manner, the grounds are sufficiently raised in the context of the motion as a whole.

the regional circuit, here the First Circuit, rather than
Federal Circuit law.  See Phonometrics, Inc. v. Westin Hotel
Co., 350 F.3d 1242, 1246 (Fed. Cir. 2003); Spitz Techs. Corp. v.
Nobel Biocare USA LLC, 2018 WL 6164300, at *6, n.3 (C.D. Cal.
June 7, 2018).

     To be vexatious under § 1927, counsel's conduct must be
"harassing or annoying" regardless of counsel's intent.  Lamboy-
Ortiz v. Ortiz-Velez, 630 F.3d 228, 245 (1st Cir. 2010).
Section 1927, however, does not apply to careless or even
incompetent actions by counsel but is reserved for actions that
"evince a studied disregard of the need for an orderly judicial
process, or add up to a reckless breach of the lawyer's
obligations as an officer of the court."  Id. at 245-46.
Unreasonable and vexatious conduct by counsel generally involves
egregious actions or tactics.  See, e.g., Escribano-Reyes v.
Prof. Hepa Certif. Corp., 817 F.3d 380, 391 (1st Cir. 2016)
(imposing fees and costs against counsel who filed a sham
affidavit after having been warned on prior occasions not to
engage in similar tactics); In re Gil-De la Madrid, 817 F.3d
371, 375-76 (1st Cir. 2016) (declining to impose fees against
counsel where position on appeal was "not entirely frivolous");
Sanchez-Rodriguez v. AT & T Mobility P.R., Inc., 673 F.3d 1, 16

(1st Cir. 2012) (declining to impose fees and costs where appellant's appeal was not frivolous).

SIG Sauer has not met the standard of unreasonable and vexatious conduct by Steyr's counsel.  The lack of merit in Steyr's infringement claim that SIG Sauer relies on for purposes of § 285 is not sufficient to meet the even higher standard under § 1927.

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1187 (2017) (quoting Link v. Wabash R. Co., 370 U.S. 326, 630-31 (1962)).  The court's inherent authority includes the power to impose sanctions, including an assessment of attorney's fees, for conduct that abuses the judicial process.  Id.  Conduct that abuses the judicial process includes fraudulent maneuvers to avoid the court's jurisdiction, filing frivolous motions and appeals to harass the opposing party, and discovery abuses. Chambers v. NASCO, Inc., 501 U.S. 32, 41-42 & 50 (1991).

SIG Sauer has not shown that Steyr engaged in any conduct that would support imposing fees and costs under the court's inherent authority.  Therefore, fees and costs are not awarded under § 1927 or the courts inherent authority.

Conclusion

For the foregoing reasons, the defendant's motion for fees and costs (document no. 80) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

April 23, 2020

Cc:  Counsel of record.